UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DELTA DAWN D.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 4:25-cv-00273-AKB-REP

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

## INTRODUCTION

Plaintiff, Delta Dawn D., seeks review under 42 U.S.C. §§ 405(g), 1383(c)(3) of the Commissioner's denial of her application for disability insurance benefits. The Administrative Law Judge (ALJ) issued an unfavorable decision, and Plaintiff filed this action on May 28, 2025. After briefing (Dkts. 20, 22, 23), the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Commissioner's decision be affirmed (Dkt. 24). Plaintiff filed objections (Dkt. 25), and the Commissioner responded (Dkt. 26). The Court reviews *de novo* those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1).

## OBJECTIONS

Plaintiff makes two objections: First, Plaintiff "objects to the Magistrate Judge's recommended finding that the ALJ's Step Three decision is justified by the decision as a whole" (Dkt. 25 at 2). Second, Plaintiff "objects to the Magistrate Judge's application of law that has been abrogated by the controlling rulings and regulations" (*id.* at 3).

## LEGAL STANDARD

The Court reviews *de novo* the portions of the Report and Recommendation to which objections have been made. 28 U.S.C. § 636(b)(1). The Commissioner's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo*, 871 F.3d 664. Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401; *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court reviews the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.

*Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson*, 359 F.3d at 1196.

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

**ANALYSIS**

**1. The ALJ's Step Three Decision is Justified by the Decision as a Whole**

Plaintiff's objection is that neither the Magistrate Judge nor the ALJ adequately analyzed whether the severity and frequency of her migraine headaches "equaled the relevant listing." The Court does not find Plaintiff's argument persuasive.

Plaintiff argues that the Magistrate Judge "highlights references to the medical evidence" but does not identify the underlying ALJ analysis that "determine[d] . . . whether Plaintiff's migraine disorder equaled the relevant listing" (Dkt. 25 at 2, Dkt. 20 at 10-13). In short, Plaintiff now argues that the Magistrate Judge has made the same mistake the ALJ made: "fail[ing] to provide an adequate explanation as to why Plaintiff's headache disorder failed to equal 11.02B pursuant to SSR 19-4p" (Dkt. 11 at 20).

The Magistrate Judge explicitly relied upon pages 21-24 of the Administrative Record to support his finding that the ALJ acknowledged the medical evidence and reasonably found that Plaintiff's reported symptoms "did not support the disabling frequency and severity of Listing 11.02 . . . ." (Dkt. 24 at 4). The ALJ's decision at pages 21-24 of the Administrative Record specifically notes relevant documentary evidence and specifically notes that the subjective evidence speaking to intensity, persistence, and limiting effects were not consistent with other evidence.

Plaintiff does not argue that the evidence relied upon by the ALJ was not legally substantial or that it was based on incorrect legal standards. Instead, Plaintiff asks this Court to second-guess the ALJ's determination regarding the weight attributed to her subjective reports speaking to SSR 19-4p. The law requires that when the ALJ's analysis applies the correct legal standards and is supported by substantial evidence, however, it be upheld, even if the ALJ could have reached another conclusion. The Court finds this dispositive and agrees with the analysis of the R&R. Accordingly, it overrules Plaintiff's first objection.

**2. The ALJ Properly Assessed the Credibility of Plaintiff's Subjective Complaints**

Plaintiff next argues the Magistrate Judge's approval of the ALJ's findings regarding Plaintiff's subjective complaints were based on abrogated law (Dkt. 25 at 3). Specifically, Plaintiff argues that the Magistrate Judge relied on law that predates the March 28, 2016, issuance of SSR 16-3p, which rescinded SSR 96-7p and "clarif[ied]" that subjective symptom evaluation is not an examination of an individual's character" (Dkt. 25 at 4-5). In broad strokes, then, Plaintiff argues that any social security decision assessing the credibility of subjective medical complaints decided before March 28, 2016, is not good law (*see* Dkt. 25 at 4) (identifying *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) and *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)).

The Court is not persuaded. Plaintiff's argument has already been addressed by the Ninth Circuit, who explained that SSR 16-3p, rather than abrogating binding precedent concerning the credibility of subjective complaints, "makes clear what our precedent already required." *Trevizo*, 871 F.3d at 678 n.5 (emphasis added). Plaintiff's argument that the Magistrate Judge followed abrogated law is not well taken. Accordingly, the Court overrules Plaintiff's second objection.

**ORDER**

Having conducted *de novo* review, the Court concludes the ALJ's decision is supported by substantial evidence and is free of legal error. The Magistrate Judge's Report and Recommendation is well reasoned and adopted in full.

**IT IS SO ORDERED**:

1. Plaintiff's Objections (Dkt. 25) are **OVERRULED**.
2. The Report and Recommendation (Dkt. 24) is **ADOPTED IN FULL**.
3. The Commissioner's decision is **AFFIRMED**.
4. Plaintiff's Complaint (Dkt. 1) is **DISMISSED** with prejudice.

Judgment shall be entered accordingly.

DATED: September 11, 2026

Amanda K. Brailsford

Amanda K. Brailsford
U.S. District Court Judge